UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEBI VILLANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 2:07cv187 |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a "Motion for Award of Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order", filed by the plaintiff, Debi Villano ("Villano") on March 24, 2009. The Commissioner filed a response to the motion on May 5, 2009, to which Villano replied on May 14, 2009.

For the following reasons, the motion for award of fees and costs will be granted.

Discussion

"Under the EAJA, a court may award attorney's fees to a party who prevails against the United States where 'the court finds that the position of the United States was not substantially justified.'" 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is substantially justified if his conduct has "a reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994) (*quoting Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Seventh Circuit has defined substantial justification as follows:

> This Court has described the substantial justification standard as requiring that the government show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and

> (3) a reasonable connection between the facts alleged and the legal theory propounded.

*United States v. Hallmark Construction Company*, 200 F.3d 1076, 1080 (7th Cir. 2000)(citations omitted). *See Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). "The ALJ is not required to discuss every piece of evidence, but must build a logical bridge from evidence to conclusion." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009), (citing *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). The Commissioner bears the ultimate burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724, (citing *Marcus*, 17 F.3d at 1036).

In making a substantial justification determination, a district court should consider both the government's prelitigation conduct; that is, the actions or inactions giving rise to the instant litigation, as well as the government's conduct relative to the instant litigation. *Id.* "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." *Id.* Additionally, "it is rare that a single factor will be dispositive of whether the government's position was substantially justified." *Hallmark*, 200 F.3d at 1079. Thus, EAJA fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position. *Id.* A decision by an Administrative Law Judge ("ALJ") constitutes part of the agency's pre-litigation conduct. *Sutton v. Chater*, 944 F.Supp. 638, 639 (N.D. Ill. 1996).

Villano is the prevailing party by virtue of the remand order of the Seventh Circuit Court of Appeals, and her EAJA motion is timely. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Thus, the issue herein is confined to whether the Commissioner's conduct was substantially

justified.

Villano argues that the Commissioner's pre-litigation actions were not substantially justified. Villano primarily relies on the appellate court's overruling of the ALJ's determinations as evidence of a conflict between the ALJ's findings and "clearly established statutory and court precedent." *Pierce v. Underwood*, 487 U.S. 552, 5612; *Golembiewski*, 382 F.3d at 724. Further, Villano asserts that the findings of the ALJ failed to make a "reasonable connection between the facts alleged and the legal theory propounded." *Id.* In continuing on to also attack the Commissioner's litigation conduct, Villano alleges that the Commissioner conducted an impermissible post-hoc analysis and defense of the ALJ's findings, in an effort to connect the facts with the rulings.

The Commissioner maintains that conduct in both litigation and prelitigation was consistent and substantially justified. In support of this position, the Commissioner asserts that the ALJ made the proper finding but failed to completely and thoroughly "connect all of the dots in his analysis." *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Thus, there was a rational basis for defense of the ALJ's findings and determinations, which were properly defended by the Commissioner. Finally, the Commissioner contends that the substantial justification standard is lower than the substantial evidence standard, which is used to review disability claims on the merits.

"Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).

Furthermore, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or on the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)(citations omitted). This court must accept the ALJ's findings if they are supported by substantial evidence, and may not substitute its judgment for that of the ALJ. *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986).

Substantial justification is lacking in both the litigation and prelitigation conduct of the Commissioner. It is true that both a single factor is not dispositive and an appellate outcome is not conclusive in determining whether the prelitigation conduct of the ALJ lacks substantial justification. *Hallmark*, 200 F.3d at 1079-80. However, the determinations of the ALJ were inadequate with respect to three specific issues: credibility, residual functional capacity, and transferable skills. *See Villano*, 556 F.3d at 560.

The ALJ failed to connect the finding that plaintiff Villano lacked credibility, with the evidence or rationale for this determination. *Villano*, 556 F.3d at 562. This finding is in contrary to both Social Security Regulations, which specify factors for consideration, and judicial precedent within this Circuit. 20 C.F.R. § 404.1529(c); see *Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2005); *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005). In overlooking such important aspects of Villano's case, including obesity, arthritis, and a lack of medical evidence to the contrary, the ALJ's credibility determinations are too substantial to be dismissed as individual, isolated error. However, even if these omissions were discrete, the aggregated impact is too great to flippantly dismiss.

The ALJ neglected to analyze the Social Security Regulation factors in determining

4

Villano's residual functional capacity (RFC). Describing the ALJ's analysis as "cursory," the Seventh Circuit's critique highlighted the lack of connection between the facts and legal conclusions, in addition to a lack of discussion regarding Villano's mental health issues. *Villano*, 556 F.3d at 562. Mistakes in RFC determinations are especially critical, as this is the claimant's ability to do physical and mental work activities on a sustained basis despite limitations form impairments. 20 C.F.R. § 404.1545.

The ALJ improperly found a transferable skill of "judgment." *Villano*, 556 F.3d at 563-64. This is an especially significant issue in this case, as only two circuits have addressed the issue, both determining that "judgment" is not a transferrable skill. *See Draegert v. Barnhart*, 311 F.3d 468, 475-76 (2d Cir. 2002); *Ellington v. Sec'y of Health & Human Servs.*, 738 F.2d 159, 159-61 (6th Cir. 1984). The ALJ also mistakenly recorded the number of jobs which Villano could perform as 15,400, when the vocational expert (VE) "had identified only 1,549 jobs." *Villano*, at 563. The Seventh Circuit also rejected the Commissioner's assertion that the totality of these errors were harmless. *Id.* at 563.

The Commissioner's litigation position also lacked substantial justification in support of the findings made by the ALJ. In order for a litigation position to be substantially justified, the Commissioner must rely on the facts and theories as determined by the ALJ. *Golembiewski*, 382 F.3d at 724. This requirement essentially limits the Commissioner's litigation position to the ALJ's written decision, especially with respect to the required logical bridge between facts and conclusions, thus prohibiting post-hoc rationalization. *Steele*, 290 F.3d at 941. As this Court has previously stated, "no amount of post-hoc rationalization by the Commissioner can render the government's position substantially justified." *Jenkins v. Astrue*, 544 F.Supp.2d 736, 742 (N.D.

Ind. 2008).

The Commissioner acknowledges that the finding of a transferable skill of "judgment" is an undecided issue within the Seventh Circuit. However, a closer reading of case law shows that both Circuits to consider the issue have rejected "judgment" as a transferable skill. *See Draegert v. Barnhart*, 311 F.3d 468, 475-76 (2d Cir. 2002); *Ellington v. Sec'y of Health & Human Servs.*, 738 F.2d 159, 159-61 (6th Cir. 1984). On appeal, the Commissioner argued that the finding of "judgment" was simply not relevant, which constituted a departure from the ALJ's findings. Thus, the defense of this specific finding of the ALJ is not rational or substantially justified, as it is unsupported by law or fact.

The Commissioner also erred in the post-hoc rationalization of the ALJ's findings, which were unsupported by the record. The ALJ incorrectly attributed "judgment" and transferability of skills to the VE. The record does not support this connection, though the Commissioner defended these findings on appeal. Because the Commissioner chose to defend findings unsupported by the record, the factual basis of this litigation position lacks substantial justification.

Having found that the Commissioner's prelitigation and litigation positions lack substantial justification, an award of reasonable attorney's fees is entirely proper under the Equal Justice Act (EAJA), 28 U.S.C. § 4212. The hourly rates by which fees are calculated are statutorily prescribed by 28 U.S.C. § 2412(d)(2)(A)(ii). The billable hours at the District court level total 49.2 hours and the Court of Appeals level total 126.8 hours. The number of hours and fee rates applicable at the time of work yield $8,235.15 at the District Court level and $22,172.25 at the Court of Appeals level. Including $898.87 for the final reply brief, $280.50 in legal

assistant time, and $189.80 in costs, the total EAJA fees request sums to $31,952.82.

The Commissioner opposes the award of fees, arguing that the total amount is unreasonable and excessive. In support of her motion, Villano argues that the fees are reasonable, especially in light of the novel nature of ALJ's finding of a transferable skill of "judgment." Further, Villano notes that the amounts requested are within the range of previously awarded EAJA fees within this Circuit.

The full amount of $31,952.82 in fees appears reasonable. At the District Court level, higher amounts than the $8,235.15, have previously been awarded: *See Seamon v. Barnhart*, 2006 WL 517631 (W.D. Wis. 2006)($12,191.52 awarded); Varrientos v. Barnhart, 2004 WL 1381126 (N.D. Ill. 2004)($11,711.45 awarded); *Bailey v. Barnhart*, 473 F.Supp.2d 842; 2006 WL 4056575 ($11,493.88 awarded); *Embry v. Barnhart*, 2003 WL 22478769 (N.D. Ill. 2003)($10,188.96 awarded). This Court itself has previously awarded Villano's attorney similar fees for Social Security appeals. *Jenkins*, 544 F.Supp.2d 736 (awarding Villano's attorney $11,797.62 for a District Court level appeal). Amounts both comparable to and higher than the total $31,952.82, representing 180.1 attorney hours for the combined District Court and Court of Appeals work, have been awarded to prevailing parties: *See Gibson-Jones v. Apfel*, 995 F.Supp 825, 827 (N.D. Ill. 1998)(EAJA fees awarded on 162.25 hours of attorney work); *Smith ex rel. Smith v. Apfel*, 2001 WL 199505 (N.D. Ill. 2001)($32,949.63 awarded); *DeFrancesco on Behalf of DeFrancesco v. Sullican*, 803 F.Supp. 1332 (N.D. Ill. 1992)($28,647.60 awarded); *Getch v. Astrue*, 2009 WL 89667 (N.D. Ind. 2009)($28,680.35 awarded); *Rohan v. Apfel*, 1997 WL 803867 (N.D. Ill. 1997)($24,834.00 awarded in 1997).

Additionally, the novelty of the finding of a transferable skill of "judgment" increases the

costs of this specific appeal. Any time the Commissioner chooses to pursue a line of argumentation with negative, albeit non-binding, precedential support, appeals should be expected. As these appeals are reasonably foreseeable and involve novel arguments, increased costs are the logical result. By awarding the fees in this case, the purpose of the EAJA to encourage representation of plaintiffs with grievances against the government is upheld. Neither Ms. Villano nor other disability applicants should be deterred from pursuing valid claims because the Commissioner decides to pressing novel arguments, only to oppose compensation for the fees incurred as a result of this (largely) voluntary litigation.

<u>Conclusion</u>

On the basis of the foregoing, Villano's request for EAJA fees [DE 38] is hereby GRANTED. Villano is hereby AWARDED fees in the amount of $31,952.82, payable to attorney Barry A. Schultz.

Entered: June 23, 2009.

<u>s/ William C. Lee</u><br>
William C. Lee, Judge<br>
United States District Court